**Date signed May 18, 2004**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | | |
|---|---|---|---|
| **In Re:** | * | | |
| **Firstpay, Inc.,** | * | **Case No.** | **03-30102 PM** |
| | * | **Chapter** | **7** |
| | * | | |
| **Debtor.** | * | | |
| ************************************ | * | | |
| **Michael G. Wolff, Chapter 7 Trustee,** | * | **Adv. Proc. No.** | **04-01222** |
| | * | | |
| | * | | |
| **Plaintiff,** | * | | |
| vs. | * | | |
| **William Donald Schaefer, in his capacity as** | * | | |
| **Maryland State Comptroller,** | * | | |
| | * | | |
| **Defendant.** | * | | |
| ************************************ | * | | |

**MEMORANDUM OF DECISION**

Plaintiff, the Chapter 7 Trustee, commenced this adversary proceeding by filing a Complaint for Avoidance and Recovery of Unauthorized Post-Petition Transfers. The Comptroller of Maryland moved to dismiss the Complaint for lack of jurisdiction over the

subject matter under F.R.C.P. Rule 12(b)(1), made applicable in this adversary proceeding by F.R.B.P. Rule 7012(b).

Plaintiff alleged in the Complaint that certain commingled funds collected pre-petition by Debtor on behalf of its clients were paid over to and accepted by the Comptroller post-petition. Plaintiff seeks to avoid the post-petition transfers pursuant to 11 U.S.C. § 549 and seeks the turnover of the avoided funds.

The Comptroller of Maryland moved to dismiss the proceeding asserting that it neither consented to being sued in federal court nor appeared in this action and, as a result, under the Eleventh Amendment of the Constitution of the United States of America, it is immune from suit.[1]  Plaintiff opposed, relying upon the United States Supreme Court's decision in <u>Ex Parte Young</u>, 209 U.S. 123 (1908), asserting that since William Donald Schaefer ("Schaefer"), a particular government official, was sued, rather than the State or an agency of the State, that Schaefer was susceptible to suit.  Oral arguments were made by the parties on April 28, 2004.  In a supplemental filing, Plaintiff asserted that the State waived its defense of sovereign immunity when the Maryland Department of Labor, Licensing and Regulation ("MDLLR") filed a Proof of Claim dated May 5, 2004 for $615.00 for "Court Costs/Other Penalty" in connection with "Taxes."

---

[1] The Court notes that Plaintiff named William Donald Schaefer, in his capacity as Maryland State Comptroller, in the style of this adversary proceeding; however, in paragraph 4 of the Complaint, Plaintiff states that Defendant is the State of Maryland.

-2-

## Analysis

A.  <u>Abrogation or Waiver of Sovereign Immunity</u>

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

<u>U.S.Const. amend. XI</u>.  This Amendment is understood to bar suits against states or their agencies.  See <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 54 (1996); <u>Regents of the Univ. of Cal. v. Doe</u>, 519 U.S. 425, 429-30 (1997).  The Amendment is jurisdictional and renders a federal court incompetent to entertain a suit against a non-consenting state.  <u>Employees of the Dept. of Public Health & Welfare v. Mississippi</u>, 411 U.S. 279, 280 (1973).  A state's sovereign immunity is subject to two qualifications – abrogation by Congress or waiver by the state.  <u>Ossen v. Dept. of Social Serv., State of Connecticut (In re Charter Oak Assoc.)</u>, 361 F.3d 760, 765 (CA2 2004).  Section 106 of the United States Bankruptcy Code, entitled "Waiver of Sovereign Immunity," purports to abrogate and waive sovereign immunity as to governmental units under certain circumstances.[2]

---

[2] The Court of Appeals for the Fourth Circuit ("the Fourth Circuit") has found that 11 U.S.C. § 106(a) is unconstitutional and ineffective as Congress was not empowered to use Article I authority to circumvent the Eleventh Amendment's restriction on federal jurisdiction. <u>Schlossberg v. State of Maryland, Comptroller of the Treasury (In re Creative Goldsmiths of Washington, D.C., Inc.)</u>, 119 F.3d 1140, 1147 (CA4 1997).  The Fourth Circuit also determined that 11 U.S.C. § 106(b), addressing waiver of immunity when a proof of claim has been filed, was an improper exercise of Congressional power as Congress cannot deem a waiver as "[i]t lies solely within a state's sovereign power to waive its immunity voluntarily and to consent to federal jurisdiction." <u>Id</u>.  The Fourth Circuit has not yet had the opportunity to decide whether sovereign immunity may be waived with respect to setoff as set forth in 11 U.S.C. § 106(c). <u>Id</u>. at 1149.

The State of Maryland, acting through MDLLR, invoked this Court's jurisdiction when it filed a Proof of Claim in Debtor's bankruptcy case (See Gardner v. State of New Jersey, 329 U.S. 565, 574 (1946)) and, to a limited extent, waived its immunity.  See Ossen, 361 F.3d at 767-70.  The fact that the agency that filed the claim differed from the one sued is of no consequence as the two agencies act as an "unitary creditor." Id. at 771.

The scope of the limited waiver is set forth in 11 U.S.C. § 106(c), which provides:

> Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

The State of Maryland remains immune from defending against Plaintiff's action; however, by application of this section, the estate may offset against the State because MDLLR filed a Proof of Claim.  See Ossen, 361 F.3d at 767-70.  This Court agrees with the Court of Appeals for the Second Circuit that allowing states that are creditors to benefit from filing proofs of claim while permitting them to withhold debts owed to the estate is inequitable.[3]  Id. at 769.  Thus, while Plaintiff may not proceed herein against the State, the estate may, under 11 U.S.C. § 106(c), assert, as a setoff, that the State's claim as filed by the MDLLR has been paid.

B.   Ex Parte Young

Plaintiff named Schaeffer rather than the State or its agency, relying upon Ex Parte Young.  Federal jurisdiction over a suit against a state official may lie when the relief sought is

---

[3] The Second Circuit in Ossen found that 11 U.S.C. § 106(c) was constitutionally sound and that the Eleventh Amendment permitted a debtor to assert a permissive counterclaim against a governmental unit that has appeared in a case by the filing of a proof of claim.  The Second Circuit disagreed with the Fourth Circuit's decision in Schlossberg, which found that only compulsory counterclaims could be asserted against a state under the Eleventh Amendment. Ossen at 767.

only "prospective injunctive relief in order to 'end a continuing violation of federal law.'" Seminole Tribe of Fla., 517 U.S. at 73 (quoting Green v. Mansour, 474 U.S. 64, 68 (1986)). As Ex Parte Young is limited to prospective rather than retroactive relief and since Plaintiff seeks the return of already tendered and negotiated funds, there is no continuing violation of federal law by a state official; accordingly, Ex Parte Young and its progeny are inapplicable.[4]

As the Court finds that the Eleventh Amendment prohibits Plaintiff from suing the Comptroller of Maryland in this adversary proceeding and that the doctrine of Ex Parte Young is inapplicable, an appropriate order shall be entered granting Defendant's Motion to Dismiss Complaint.

cc:  Debtor
     Chapter 7 Trustee
     Plaintiff
     Counsel for Plaintiff
     Defendant
     Counsel for Defendant

**End of Memorandum Decision**

---

[4] With respect to Plaintiff's estoppel argument made on the record, the Court will address the Comptroller's claim when and if one is filed.