**Date signed July 21, 2004**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| FIRSTPAY, INC. | : | Case No. 03-30102PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| MICHAEL G. WOLFF, TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 04-1222PM |
| | : | |
| WILLIAM DONALD SCHAEFER | : | |
|   in his capacity as | : | |
|   Maryland State Comptroller | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This court heard the arguments of the parties on the Defendant's motion to dismiss this case. After the court prepared its Memorandum of Decision and Order Dismissing this adversary proceeding, the United States Supreme Court issued its opinion in the case of *Tennessee Student Assistance Corporation v. Hood*, ___ U.S. ___, 124 S.Ct. 1905 (2004). Following the issuance of the *Hood* decision, Plaintiff filed a motion for reconsideration that this court denied by Order entered June 10, 2004. That same date the court issued a Memorandum to Counsel requesting counsel to submit memoranda, should they wish to do so, commenting on the *Hood* decision.

The court has carefully studied the memoranda submitted by the parties. In particular, the court notes the opening paragraph of the Opinion of the court that limited the decision to the determination that a complaint seeking the dischargeability of a student loan debt is not a suit

against the State for the purposes of the Eleventh Amendment. The court noted that the discharge of a debt by a Bankruptcy Court is an *in rem* proceeding, citing *Gardner v. New Jersey*, 329 U.S. 565, 574 (1947).

The court went on to point out that the exercise of *in rem* jurisdiction to discharge a debt does not infringe State sovereignty. Plaintiff urges that this is an *in rem* action inasmuch as what Plaintiff seeks is the return of property of the estate paid to the State of Maryland after the filing of this involuntary petition against the Debtor. Here, unlike *Hood*, this Plaintiff seeks monetary damages against the State of Maryland. The court finds no reason to label this case as one *in rem* simply because it seeks a judgment on account of property transferred from the estate. The court will therefore reaffirm its earlier Order.

An appropriate order will be entered.

cc:
Michael G. Wolff, Esq., 11300 Rockville Pike, Suite 408, Rockville, MD 20852
Jeffrey M. Orenstein, Esq., 11300 Rockville Pike, Suite 408, Rockville, MD 20852
Maryland State Comptroller, c/o Sylvia J. Brokos, Esq.,
    Compliance Division, Room 410, 301 W. Preston Street, Baltimore, MD 21201
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**